UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:13-cv-07872 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| JOHN DOE, subscriber assigned IP address | ) | |
| 71.239.172.11, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY
PURSUANT TO FED. R. CIV. P. 8

COMES NOW Defendant John Doe, by and through counsel, and in support of his Motion for Leave to Proceed Anonymously shows the Court as follows:

I. INTRODUCTION

Malibu Media is a California film company that owns the copyrights to a large number of pornographic films. Since February of 2012, Malibu Media has filed in excess of 1,737 lawsuits in federal courts across the country, naming thousands of John Doe defendants. Numerous courts have acknowledged the predatory reputation of litigation such this one, and the potentially inappropriate procedures being utilized by plaintiffs like Malibu Media to coerce private individuals into settling claims for thousands of dollars rather than face the possibility of public shame[1].

---

[1] "The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing." *Raw Films, Ltd. v. Does 1-32*, No. 11-cv-00532JAG, 2011 U.S. Dist. LEXIS 149215, *6-7 n.5 (E.D. Va. Dec. 29, 2011).

Defendant respectfully requests that this Court enter an order permitting him to proceed anonymously in this matter[2]. Not for the duration of the case, but rather through discovery and dispositive motions. No prejudice to Plaintiff will result from such an order, and the privacy and fairness concerns already acknowledged by in this District, including by this Court[3], will be addressed. Defendant is not asking the Court to order that his name be withheld from Plaintiff, nor that any documents in the case at this point in time be sealed. Rather, Defendant respectfully requests that the Court enter an order permitting him to remain anonymous and to continue to be referred to in any and all public filings by the pseudonym John Doe[4].

II.    ARGUMENT AND CITATION OF AUTHORITY

   A.    Defendant Should Be Permitted To Proceed Anonymously Because His Privacy Interests Outweigh The Public's Interest In Knowing His Identity.

Defendant acknowledges that there exists a presumption that the identity of parties to litigation is public information. However, that presumption, including the presumption that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The Court has an independent duty to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal courts by permitting a party to proceed anonymously. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature." *Third Degree Films*, 2011 U.S.

---

[2] Counsel for Plaintiff indicated on the record that Plaintiff has no objection to Defendant proceeding anonymously at the status hearing held on February 4, 2014.
[3] This Court granted a similar motion filed by the undersigned counsel on behalf of the defendant in *Malibu Media, LLC v. John Doe*, 1:13-cv-06371 [ECF No. 13].
[4] Plaintiff's Complaint identifies Defendant as "John Doe, subscriber assigned IP address 71.239.172.11. For the sake of brevity, Defendant has referred to himself herein as John Doe.

Dist. LEXIS 128030, at *11 (citation omitted). "An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters." Id. Anonymity is required to protect Movants' privacy. "Defendants' motions to quash subpoenas for the very purpose of protecting their identifying information ... should be allowed to proceed anonymously because assessing these preliminary matters without knowing defendants' identities causes plaintiffs no harm." *CineTel Films, Inc. v. Does 1-1,052*, Civil No. JFM 8:11-cv-02438, 2012 U.S. Dist. LEXIS 47701, *5 n. 2 (D. Md. Apr. 4, 2012). Such exceptional circumstances exist in the instant case.

It is noteworthy that both *Doe v. City of Chicago* and *Doe v. Blue Cross & Blue Shield United of Wisconsin*, *supra*, involve an attempt by the *plaintiff* to remain anonymous. A major component of the concern about parties proceeding anonymously involves a concern about plaintiffs attempting to access the federal courts without revealing their identities. In this case, however, it is a *defendant* who wishes to proceed anonymously. In addition to this Court, numerous judges in this District have expressly ruled in favor of defendants on this issue. See *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (N.D. Ill. August 27, 2012) (Tharp, J.); *Malibu Media, LLC v. John Does 1-37,* 1:12-cv-06674, slip op. at 1 (N.D. Ill. Jan. 9, 2013) (Feinerman, G.); *Malibu Media, LLC v. Reynolds, et al.*, 2013 U.S. Dist. LEXIS 31228 (N.D. Ill, March 7, 2013) (Kendall, V.); *Malibu Media, LLC v. John Does 1-21*, 2013 U.S. Dist. LEXIS 79433 (N.D. Ill., June 6, 2013) (Reinhard, P.);; *Malibu Media, LLC v. John Does 1-49,* 2013 U.S. Dist. LEXIS 119100 (N.D. Ill., Aug. 22, 2013) (Dow, R.); and *Purzel Video GmbH v. Does 1-108*, 2013 U.S. Dist. LEXIS 179738 at *9 (N.D. Ill. Dec. 19, 2013) (holding not only that defendants would be permitted to remain anonymous, but also that any communication by Purzel to any defendant suggesting that the defendant could or would be

named in the case would constitute a violation of the court's order and be grounds for dismissal of the case against that defendant pursuant to Federal Rule of Civil Procedure 4(b)) (Gottschall, J.).

The Southern District of Illinois and the Eastern District of Wisconsin have also held that sufficient privacy concerns exist to permit defendants in pornography infringement cases to be permitted to proceed anonymously. See *X-Pays, Inc. v. Does 1-34,* 2013 U.S. Dist. LEXIS 96241 (S.D. Ill. June 17, 2013) (Williams, S.); *Malibu Media, LLC v. Does*, 2013 U.S. Dist. LEXIS 132656 (E.D. Wis. September 17, 2013) (Randa, R.); and *Malibu Media, LLC v. John Doe*, 2013 U.S. Dist. LEXIS 156323 (E.D. Wis. October 31, 2013) (Adelman, L.).

Judge Kendall noted that permitting a John Doe defendant to proceed anonymously is especially appropriate where there is uncertainty as to whether the IP address identified by Malibu Media's investigators actually reflects activity performed by the subscriber to that address. *Malibu Media, LLC v. Reynolds, et al.*, 2013 U.S. Dist. LEXIS 31228 at *18. The court was also concerned about the potential for coercion. "Upon balancing the potential embarrassment to Doe 15 and the possibility that Malibu Media could use inappropriate litigation tactics to 'coerce' a settlement, against the public's interest in knowing Doe 15's true identity and the risk of unfair prejudice to Malibu Media, the Court finds that allowing Doe to proceed by pseudonym is, at least at this state of the proceedings, appropriate." *Malibu Media, LLC v. Reynolds, et al.*, 2013 U.S. Dist. LEXIS 31228 at *22.

Judge Tharp noted that these cases involve "matters of a sensitive and highly personal nature," that the harm to the public interest in allowing the John Doe defendant to remain anonymous was small, and that the plaintiff would not be prejudiced by his ruling. *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012). Judge

Tharp also expressly noted that a disputed allegation that a John Doe defendant illegally downloaded (and presumably viewed) pornography fit into the framework of other cases in which anonymous litigation was permitted. Id., *citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). Moreover, as noted by Judge Kendall in *Reynolds*, as a defendant, a John Doe has not purposely availed himself of the Court, and the public's interest in knowing his identity is weaker. *Reynolds* at *22.

The circumstances pertaining to Defendant are exceptional, and he should be permitted to proceed anonymously. Allowing Defendant to proceed anonymously through discovery and dispositive motions will not prejudice plaintiff. Defendant respectfully requests that the Court enter an Order granting him leave to proceed anonymously in this case, if not for the duration, then at a minimum through discovery and dispositive motions.

III. CONCLUSION

Defendant has shown good cause as to why he should be permitted to proceed anonymously in this matter, at least through discovery and dispositive motions.

WHEREFORE, Defendant respectfully requests that the Court enter an Order permitting him to proceed anonymously through at least discovery and dispositive motions.

    Respectfully submitted,

    /s/ Erin Kathryn Russell
    Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60606
T: 312-994-2424
F: 312-706-9766
ARDC # 6287255
erin@russellfirmchicago.com

CERTIFICATE OF SERVICE

    This is to certify that on February 13, 2014, a copy of the foregoing has been filed with the Clerk of Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Erin Kathryn Russell